IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL BUCHHEIT,

            Plaintiff,

vs.                                      Case No. 11-1405-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

            Defendant.

MEMORANDUM AND ORDER

    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

## I. General legal standards

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II.  History of case**

On November 18, 2010, administrative law judge (ALJ) Michael D. Shilling issued his decision (R. at 13-22). Plaintiff alleges that she has been disabled since May 22, 2005 (R. at 13). Plaintiff is insured for disability insurance benefits through March 31, 2010 (R. at 15). At step one, the

ALJ found that plaintiff has not engaged in substantial gainful activity from plaintiff's alleged onset date through her date last insured (R. at 15).  At step two, the ALJ found that plaintiff had the following severe impairments: obesity, diabetes, fibromyalgia, sleep apnea, and depression (R. at 15). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15).  After determining plaintiff's RFC (R. at 17), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 21).  At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 21-22).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 22).

**III.  Did the ALJ properly weigh the opinions of Dr. Veloor, and are his RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p,

5

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See <u>Southard v. Barnhart</u>, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  <u>Spicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  <u>Cruse v. U.S. Dept. of Health & Human Services</u>, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.  <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The medical opinion evidence regarding plaintiff's RFC includes a physical RFC assessment initially prepared by an SDM (single decision maker) and dated August 10, 2009 (R. at 401-408).  An SDM is not a medical professional of any stripe, and the opinion of an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources.  Herrman v. Astrue, Case No. 09-1297-SAC (D. Kan. Sept. 29, 2010; Doc. 19 at 9).  However, on February 1, 2010, this assessment was reviewed by Dr. Parsons, who stated that after his review of the evidence, that he was affirming the RFC of August 10, 2009 (R. at 424).  Thus, the physical RFC assessment of August 10, 2009 reflects the opinions of Dr. Parsons, and therefore could be considered by the ALJ as an opinion from an acceptable medical source.  20 C.F.R. § 404.1513(a).

The record also includes a psychological evaluation from Dr. Gettman, dated January 25, 2010 (R. at 417-421), a psychiatric review technique form prepared by Dr. Blum, and dated February 2, 2010 (R. at 425-437), and a mental RFC assessment by Dr. Blum, also dated February 2, 2010 (R. at 439-441).  Finally, the record contains an evaluation by Dr. Veloor, who examined plaintiff on February 2, 2010, and stated the following:

> The patient at this point is limited in her
> ability to hold any gainful employment due

>    to her morbid obesity, subjective complaints
>    of pain, as well as her depression.

(R. at 602).

The ALJ made the following RFC findings regarding the plaintiff:

>    …the claimant had the residual functional
>    capacity to perform sedentary work as
>    defined in 20 CFR 404.1567(a), in that, she
>    can carry 10 pounds occasionally and 10
>    pounds frequently, except for the following
>    nonexertional limitations that further
>    limited the claimant's ability to perform
>    sedentary work: occasional climbing of
>    stairs, but never climb ropes, scaffolds, or
>    ladders; occasional balancing and stooping;
>    never crouch, kneel, or crawl; and must
>    avoid prolonged exposure to extreme cold
>    temperatures.  The claimant is limited to
>    jobs that allowed her to sit or stand as
>    needed and did not demand attention to
>    details, complicated job tasks, or
>    instructions.  The claimant retains the
>    ability to maintain attention and
>    concentration for minimum 2-hour periods at
>    a time and can adapt to changes in the
>    workplace on a basic level.

(R. at 17).

First, plaintiff argues that the ALJ failed to properly weigh the opinions of Dr. Veloor.  The ALJ stated the following regarding the opinions of Dr. Veloor:

>    Dr. Veloor's opinion is given no weight
>    because she has a very limited history of
>    evaluating and treating the claimant.  It
>    appears that Dr. Veloor's main involvement
>    was a one-time evaluation for the purposes
>    of completing the disability paperwork.  Dr.
>    Veloor's opinion is based mainly on the
>    claimant's subjective complaints and is

>           inconsistent with the medical evidence.  In
>           addition, whether an individual is
>           "disabled" or "unable to hold any gainful
>           employment" under the Social Security Act is
>           not a medical issue regarding the nature and
>           severity of an individual's impairments but
>           is an administrative finding that is
>           dispositive of a case.  The regulations
>           provide that the final responsibility for
>           deciding this issue is reserved to the
>           Commissioner of the Social Security
>           Administration.

(R. at 20).

The ALJ correctly states that Dr. Veloor performed a one-time evaluation on the plaintiff.  The ALJ also states that Dr. Veloor's opinion is based mainly on plaintiff's subjective complaints.  Although Dr. Veloor conducted an examination of the plaintiff, he stated that her ability to work is limited because of her morbid obesity, her "subjective complaints of pain," and her depression.  Thus, Dr. Veloor himself identified plaintiff's subjective complaints as one of his reasons for discounting the opinions of Dr. Veloor.  Finally, the ALJ asserted that Dr. Veloor's opinion that plaintiff "is limited in her ability to hold any gainful employment" is an issue reserved to the Commissioner.  According to 20 C.F.R. § 404.1527(d)(1), opinions on some issues, including an opinion that a claimant is disabled, is not a medical opinion, but is an issue reserved to the Commissioner.  Moreover, other than the doctor's conclusory statement that plaintiff is limited in her ability to hold any

gainful employment, Dr. Veloor did not express any opinions regarding plaintiff's physical or mental limitations. Therefore, the court finds that the ALJ's decision to give the conclusory opinion little or no weight is supported by substantial evidence. See Franklin v. Astrue, 450 Fed. Appx. 782, 785 (10th Cir. Dec. 16, 2011)(court held that other than conclusory statement of total disability, the doctor did not express any opinion concerning claimant's physical or mental capabilities; ALJ discounted opinion because it was unsupported by medical records and invaded the ultimate issue of disability which is reserved to Commissioner; the court concluded that the ALJ decision to give medical opinion little weight supported by substantial evidence).

Furthermore, Dr. Veloor did not state an opinion that plaintiff could not work; he stated that she was "limited in her ability to hold any gainful employment" due to obesity, subjective complaints of pain, and depression. Therefore, nothing in Dr. Veloor's report is clearly inconsistent with the other medical source opinions who set forth specific mental and physical limitations regarding plaintiff's ability to work, and nothing in his report is clearly inconsistent with the ALJ's RFC findings. In fact, consistent with Dr. Veloor's opinion that plaintiff is limited in her ability to perform any work, the ALJ's RFC findings clearly establish that plaintiff is limited

10

in her ability to work.  The ALJ's RFC findings limit plaintiff to only performing sedentary work along with numerous other physical and mental limitations.  The ALJ, relying on vocational expert testimony, found that a person with plaintiff's limitations could perform work that exists in substantial numbers in the national economy.  For this reason, the court finds no error by the ALJ in his consideration of the report of Dr. Veloor.

    Second, the ALJ states that the ALJ's RFC findings were not linked to or based on substantial evidence of record. Specifically, plaintiff takes issue with the fact that the ALJ's RFC findings are in some instances more restrictive than the physical RFC assessment adopted by Dr. Parsons.  The ALJ indicated that he accorded "significant weight" to the assessment adopted by Dr. Parsons (R. at 20).  A comparison of the physical RFC assessment and the ALJ's RFC findings demonstrates that the ALJ's RFC findings mirror the assessment regarding plaintiff's ability to climb stairs, balance, stoop, and her exposure to extreme cold.  However, the ALJ also found that plaintiff could not climb ladders, ropes or scaffolds, and could not kneel, crouch or crawl even though the physical RFC assessment indicated that plaintiff could occasionally perform these postural maneuvers.  Furthermore, the ALJ limited plaintiff to being able to sit or stand as needed although this

limitation was not included in the assessment approved by Dr. Parsons.[1]

Plaintiff does not assert or argue that the ALJ failed to include in his RFC findings any physical or mental limitations which are set forth in any medical opinion. The ALJ either included the limitations contained in the assessment adopted by Dr. Parsons in his RFC findings, or made RFC findings even more restrictive than those in the assessment. Because any additional limitations work in plaintiff's favor, there is no error. See Mounts v. Astrue, 2012 WL 1609056 at *8 n.2 (10th Cir. May 9, 2012)(Claimant complained that there was no evidence to support limitation imposed by ALJ; court held that because this additional limitation worked to claimant's benefit, the court declined to address the argument). Furthermore, there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. Chapo v. Astrue, 682 F.3d 1288-1289 (10th Cir. June 26, 2012). For these reasons, the court finds that the ALJ's RFC findings are supported by substantial evidence.

---

[1] SSR 96-9p states that an RFC assessment must be specific as to the frequency of the claimant's need to alternate sitting and standing. 1996 WL 374185 at *7. An "at will" or "as needed" requirement calls for a claimant being able to alternate at any time or without limitation. SSR 83-12 states that unskilled work is such that a person cannot ordinarily sit or stand "at will". In such cases, a VE should be consulted to clarify the implications for the occupational base. 1983 WL 31253 at *4. The "as needed" limitation was included in the hypothetical question given to the VE, who found that plaintiff could perform jobs that exist in significant numbers in the national economy even with this limitation (R. at 42).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 11th day of December, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge